IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CR-143-TCK |
| | ) |
| MANUEL PETER BRITTO, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") (Doc. 28).

**I.    Factual Background**

In 2005, Defendant Manuel Peter Britto pled guilty to possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1), which would typically carry a ten-year maximum sentence. Based on facts set forth in the Presentence Investigation Report ("PSR"), the Court found Defendant had three prior convictions for violent felonies under 18 U.S.C. § 924(e) and classified Defendant as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act ("ACCA"). These three convictions consisted of (1) shooting with intent to kill; (2) second degree burglary; and (3) possession of a controlled drug with intent to distribute. All three convictions were based upon violations of Oklahoma law. As a result of application of the ACCA, the Court sentenced Defendant to 217 months imprisonment to run concurrently with an undischarged fifteen-year state sentence. Defendant did not appeal his conviction or sentence.

**II.     ACCA's Definition of Violent Felony and Supreme Court's Ruling in *Johnson***

The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) is burglary, arson, or extortion, or involves use of explosives" (the "enumerated offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).  In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557 (2015), the Supreme Court declared the residual clause unconstitutionally vague.  In *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016), the Court held that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.

**III.     2255 Motion**

In his 2255 motion, Defendant argues he no longer qualifies as an ACC in light of *Johnson*'s invalidation of the residual clause. (*See* Doc. 45.)  The Court ordered the United States to respond. The United States argues that, notwithstanding the Supreme Court's decision in *Johnson*, Defendant is not entitled to any sentence modification because his three convictions qualify as ACCA violent felonies under other valid clauses in § 924(e)(2)(B).

Because Defendant has only three qualifying convictions, he is entitled to a sentence modification if any one of them fails to qualify.  As explained below, the Court finds that the Oklahoma second degree burglary conviction no longer qualifies and need not reach the other convictions in order to award Defendant relief.

**IV.     2255 Standards**

A federal prisoner may only obtain relief under § 2255 if his sentence (1) was imposed in violation of the Constitution or federal laws, (2) was imposed by a court without jurisdiction to do so, (3) was in excess of the maximum permitted by the law, or (4) is otherwise subject to attack. 28 U.S.C. § 2255. In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *United States v. Dago*, 441 F.3d 1238, 1245-46 (10th Cir. 2006). In cases involving a jury verdict, the standard is satisfied if the judge "thinks that the error substantially influenced the jury's decision." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). "[W]here the record is so evenly balanced that a conscientious judge is in grave doubt as to the harmlessness of an error," the petitioner must win. *Id.*

This standard extends to sentencing errors, and Defendant must therefore establish that the *Johnson* error had a "substantial and injurious effect" on his sentence. *See Johnson v. United States*, No. 3:16-CV-215(MPS), 2016 WL 7362764, at *5 (D. Conn. Dec. 19, 2016) (although defendant had shown that his 1994 rioting conviction could no longer serve as an ACCA predicate, defendant was also required to show error "resulted in actual prejudice"). If the Court is in "grave doubt" as to whether the residual clause error was indeed harmless, Defendant has satisfied his burden of showing a substantial and injurious effect on his sentence. *See id.* (court expressed "grave doubt" as to whether sentencing judge would have found two prior convictions were committed on different occasions and therefore found 1991 conviction could not be considered an ACCA predicate).

## V. Analysis

For reasons set forth in an Opinion and Order entered in *United States v. Raymond Mark Hamilton*, 06-CR-188-TCK (Doc. 55), the Court concludes that Oklahoma second degree burglary convictions do not qualify as ACCA predicates under the enumerated offense clause. The Court adopts this reasoning and incorporates the Order herein by reference as its analysis of all issues presented in this case.

Defendant has shown that the Court committed *Johnson* error in applying the residual clause to his Oklahoma second degree burglary conviction. Defendant has further shown that the error was "substantial and injurious" (*i.e.*, not harmless) because the burglary conviction does not alternatively qualify as a predicate conviction under the enumerated offense clause.

## VI. Conclusion

Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 28) is GRANTED.

Defendant has served approximately 133 months. Without application of the ACCA enhancement, Defendant's new guidelines range will likely be 110 to 137 months. Thus, it appears Defendant may be entitled to immediate release, assuming the Court were to sentence at the middle or lower end of the guidelines range. The United States Probation Office is ordered to prepare a revised PSR based on the Court's rulings herein on an expedited basis and submit the PSR to the Court and the United States. After review of the PSR, the United States shall file a Notice stating whether it objects to re-sentencing to time served on any basis other than those already raised. The Notice shall be filed no less than three days after receipt of the PSR.

The Court hereby appoints the office of the Federal Public Defender to represent Defendant for purposes of re-sentencing and any possible appeal.

**SO ORDERED** this 27th day of January, 2017.

**TERENCE KERN**
**United States District Judge**