IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-143-TCK |
| ) | |
| MANUEL PETER BRITTO, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER[1]**

Before the Court is the United States' Motion to Reconsider (Doc. 41). In the motion, the United States argues that Defendant's motion is untimely because it is based solely upon the Supreme Court's decision in *Mathis*, which does not apply retroactively to cases on collateral review. In response, Defendant argues (1) the motion must be construed as a Federal Rule of Civil Procedure 60(b) motion to alter or amend judgment, (2) such rule's requirements are not met, and, alternatively, (3) Defendant's 28 U.S.C. § 2255 motion was timely.

**I.    Motion to Reconsider**

The United States responded to Defendant's § 2255 motion in July of 2016. In August of 2016, the Court granted Defendant's motion to supplement to include reliance upon *Mathis*. Although the United States could have moved to supplement or otherwise raise the *Mathis*/timeliness argument, the Court did not expressly permit or order the United States to respond to Defendant's supplement. As this Court has noted, *Johnson* and *Mathis* have created considerable work for courts and parties litigating § 2255 motions. Further, the Court has not yet resentenced

---

[1] This Opinion and Order assumes familiarity with *United States v. Hamilton*, 06-CR-188-TCK (Doc. 55), and *United States v. Britto*, 04-CR-143-TCK (Doc. 35), including all case citations and reasoning.

Defendant or entered an Amended Judgment. Therefore, the Court finds that the United States' failure to raise the timeliness argument was based on excusable neglect and construes the argument as timely raised. Preservation of this issue for a possible appeal furthers the interest of justice and consistency in treatment of similarly situated defendants. Accordingly, the Court reaches the merits of the United States' motion to reconsider.

In its Order dated January 27, 2017 (Doc. 35), the Court already addressed the United States' timeliness argument by express incorporation of *United States v. Hamilton*, 06-CR-188-TCK (Doc. 55). In *Hamilton*, the Court reasoned that a § 2255 motion is based upon *Johnson* (and therefore timely) where a sentencing record is silent as to whether a court relied on the residual clause or some other clause at the time of sentencing. (*See* 06-CR-188-TCK, Doc. 55.) There is no difference between Mr. Britto's silent sentencing record as to the ACCA's application to his second degree burglary conviction and Mr. Hamilton's silent sentencing record on the same subject. The Court's reasoning applies equally in both cases.

The United States seems to draw a factual distinction between Mr. Britto's motion and Mr. Hamilton's motion because Mr. Hamilton had "multiple ACCA predicates, some of which qualified as violent felonies *only* under the ACCA's residual clause." (Mot. to Reconsider n.1 & accompanying text (emphasis added).)[2] In contrast, all three of Mr. Britto's predicate convictions potentially qualify for "violent felony" status under other clauses, in addition to potentially qualifying under the residual clause. The United States seems to urge that *Johnson* can only open

---

[2] Although not specified, the Court assumes the United States is referring to Mr. Hamilton's DUI predicate convictions.

2

the courthouse doors, as this Court phrased it, where a defendant had at least one ACCA predicate to which the residual clause, and only the residual clause, applied.

The Court rejects this argument and finds no meaningful distinction between Mr. Britto and Mr. Hamilton for purposes of analyzing the timeliness of their § 2255 motions. Under the Court's reasoning in *Hamilton*, *Johnson* "opened the door" for Mr. Hamilton because the residual clause was most likely used to qualify his second degree burglary convictions as violent felonies, not because *Johnson* necessarily applied to any other convictions. The elements clause analysis, which turns on *Mathis*, then became necessary to determine if the residual-clause error was harmless. This reasoning extends equally to Mr. Britto. The Court finds that Mr. Britto's second degree burglary conviction was most likely classified as a violent felony based on a *Johnson* error, thereby rendering his motion timely. The Court rejects the notion that Mr. Britto's motion is somehow "based solely on *Mathis*." Therefore, the United States' Motion to Reconsider (Doc. 41) is DENIED.

## II.     Resentencing

On January 27, 2017, the Court granted Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and ordered the United States Probation Office to prepare a revised Presentence Investigation Report ("PSR") on an expedited basis. (*See* Doc. 35.) After reviewing the PSR, Defendant filed a Motion to Expedite Sentencing, stating that he does not object to the PSR's calculations and requesting expedited sentencing because he has served in excess of the statutory maximum. (*See* Doc. 38.) The United States filed an Amended Notice stating its non-objection to the PSR but raising the objection briefed in its Motion to Reconsider, which is discussed above. (*See* Doc. 40.)

As an initial matter, the Court finds no need to conduct a sentencing hearing. The Court has reviewed and considered the newly calculated sentencing guideline range, which is 110-120 months. The top end of the range reflects a statutory maximum of 120 months. Defendant has served 133 months, which exceeds the new statutory maximum. The Court finds that a sentence of time served will serve as an adequate deterrent to this Defendant as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public.

Accordingly, it is the order and judgment of the Court that Defendant Manuel Peter Britto is hereby sentenced to time served as to Count One. Defendant is sentenced to a term of supervised release of three years. All other aspects of Defendant's sentence shall remain as set forth in the original Judgment.

### III.  Conclusion

The United States' Motion to Reconsider (Doc. 41) is DENIED. Defendant is resentenced in accordance with this Order, and the Court will enter an Amended Judgment.

**SO ORDERED this 8th day of February, 2017.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**